UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___12/2/2022___
```

---------------------------------------------------------------X

EMANUELE STEVENS, individually and on
behalf of all others similarly situated,

               -against-

PEPSICO INC. *et al*.

This document relates to the lead case and
the following members:

*Parrish v. Frito-Lay North Am., Inc. et al.,*
     No. 7:22-cv-04556-NSR
*Marshall et al. v. PepsiCo, Inc. et al.,*
     No. 7:22-cv-02370-NSR
*Tschudy v. PepsiCo, Inc.,*
     No. 7:22-cv-04212-NSR
*Drobsch v. PepsiCo, Inc.,*
     No. 7:22-cv-04216-NSR
*Smith v. PepsiCo, Inc.,*
     No. 7:22-cv-04238-NSR
*Mitchell v. PepsiCo, Inc.,*
     No. 7:22-cv-04555-NSR
*Irving-Millentree v. PepsiCo, Inc.,*
     No. 7:22-cv-04784-NSR
*Winger v. The Quaker Oats Company,*
     No. 7:22-cv-04828-NSR
*Vidaud v. PepsiCo, Inc. et al.,*
     No. 7:22-cv-04850-NSR
*Madriz et al. v. PepsiCo, Inc. et al.*
     No. 7:22-cv-04851-NSR
*Poulson v. PepsiCo, Inc. et al.,*
     No. 7:22-cv-05196-NSR
*White v. PepsiCo, Inc.,*
     No. 7:22-cv-05198-NSR
*Ellis v. PepsiCo, Inc.,*
     No. 7:22-cv-05200-NSR
*King v. PepsiCo, Inc.,*
     No. 7:22-cv-05351-NSR
*Montgomery v. Frito-Lay, Inc. et al.,*
     No. 7:22-cv-06982-NSR

---------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

                                     PRELIMINARY
                                     APPROVAL ORDER
                                     22 CIV 802 (NSR)

WHEREAS, Plaintiffs Emanuele Stevens, Moises Madriz, Rodney Ulloa, Ricardo Vidaud, Jorge Mendoza, Seth Marshall, Matthew White, Tyrell King, Kennetha Mitchell, Donedward White, Jamal Winger, Allison Poulson, Rodney Irving-Millentree, Tracy Ellis, Thomas Parrish, Devin Drobsch, Joshua Smith, Jacob Tschudy, and Starr Montgomery ("Plaintiffs") and Defendants PepsiCo, Inc. ("PepsiCo"), New Tiger LLC ("New Tiger"), and their various respective divisions and subsidiaries, a list of which is attached hereto as Attachment A (collectively, "Defendants") (Plaintiffs and Defendants together, the "Parties") have entered into a Stipulation and Settlement Agreement ("Settlement Agreement") intended to resolve the claims asserted in this action that Defendants failed to timely, accurately, and/or fully pay Plaintiffs and Defendants' other non-exempt employees employed in the United States for all hours worked during the seventeen pay periods between December 5, 2021 and April 8, 2022 (the "Class Period") and all other related claims arising under the Fair Labor Standards Act and state wage and hour related laws (the "Claims"), due to their payroll provider, the Ultimate Kronos Group ("Kronos"), experiencing a cybersecurity incident that began on or about December 11, 2021 through February 12, 2022 (the "Kronos Outage"); and

WHEREAS, the Settlement Agreement, together with its Exhibits, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of these Claims against Defendants; and

WHEREAS, for purposes of settlement only, Plaintiffs seek certification of the following opt-out settlement class and subclasses pursuant to Fed. R. Civ. P. 23:

> **NATIONAL CLASS[1]:** All current and former employees of Defendants in the United States during the seventeen weekly pay periods between December 5, 2021, and April 8, 2022, who were impacted by the Kronos Outage. For purposes

---

[1] As such term is defined in the Settlement Agreement.

of the Settlement Agreement, an employee was impacted by the Kronos Outage if that employee received an inaccurate pay stub or inaccurate compensation at any time during the Class Period, regardless of whether that employee's compensation paid during the Kronos Outage as compared to compensation owed for the Kronos Outage time period resulted in a net positive (overpayment), net neutral, or net negative (underpayment) to that employee.

**NEW YORK SUBCLASS:**  All current and former employees of Defendants in New York during the seventeen pay periods between December 5, 2021, and April 8, 2022, who were impacted by the Kronos Outage. For purposes of the Settlement Agreement, an employee was impacted by the Kronos Outage if that employee received an inaccurate pay stub or inaccurate compensation at any time during the Class Period, regardless of whether that employee's compensation paid during the Kronos Outage as compared to compensation owed for the Kronos Outage time period resulted in a net positive (overpayment), net neutral, or net negative (underpayment) to that employee.

**CALIFORNIA SUBCLASS:**  All current and former employees of Defendants in California during the seventeen weekly pay periods between December 5, 2021, and April 8, 2022, who were impacted by the Kronos Outage. For purposes of the Settlement Agreement, an employee was impacted by the Kronos Outage if that employee received an inaccurate pay stub or inaccurate compensation at any time during the Class Period, regardless of whether that employee's compensation paid during the Kronos Outage as compared to compensation owed for the Kronos Outage time period resulted in a net positive (overpayment), net neutral, or net negative (underpayment) to that employee.

WHEREAS, for purposes of settlement only, Plaintiffs also seek conditional certification of the following opt-in collective pursuant to Section 16(b) of the Federal Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (the "FLSA Collective"):

All current and former employees of Defendants in the United States during the seventeen weekly pay periods between December 5, 2021, and April 8, 2022, who were impacted by the Kronos Outage. For purposes of the Settlement Agreement, an employee was impacted by the Kronos Outage if that employee received an inaccurate pay stub or inaccurate compensation at any time during the Class Period, regardless of whether that employee's compensation paid during the Kronos Outage as compared to compensation owed for the Kronos Outage time period resulted in a net positive (overpayment), net neutral, or net negative (underpayment) to that employee.

WHEREAS, the Court has before it Plaintiffs' Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement ("Plaintiffs' Motion") and papers in support thereof, together with the Settlement Agreement and its Exhibits; and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement are the result of good faith, arms' length settlement negotiations between competent and experienced counsel for both the Plaintiffs and Defendants; and

WHEREAS, having reviewed and considered the Settlement Agreement and accompanying Exhibits, Plaintiffs' Motion, and the declaration filed in support of Plaintiffs' Motion, the Court makes the findings and grants the relief set forth below.

**IT IS HEREBY ORDERED AS FOLLOWS:**

***Jurisdiction, Preliminary Approval of the Settlement Agreement, Certification of the National Class and California and New York Subclasses for Settlement Purposes, Appointment of Class Representatives and Class Counsel, and Conditional Certification of the FLSA Collective***

1.      Capitalized terms used in this Order have the meanings assigned to them in the Settlement Agreement and this Order.

2.      The Court has jurisdiction over the subject matter of this lawsuit (the "Litigation"), Plaintiffs, the members of the FLSA Collective, National Class and New York and California Subclasses, Defendants, and the implementation and administration of the Settlement Agreement.

3.      The Court preliminarily adjudges the terms of the Settlement Agreement to be fair, reasonable and adequate, and in the best interests of Plaintiffs and members of the FLSA Collective, National Class, and New York and California Subclasses, and directs consummation of the terms.

4.    The Court hereby preliminarily finds that with respect to the National Class and the New York and California Subclasses:

a.    The numerosity requirements of Rule 23(a)(1) have been met because there are 69,809 National Class Members, there are 2,766 New York Subclass Members, and there are 7,262 California Subclass members. Plaintiffs Matthew White and Thomas Parrish are the proposed representatives for the New York Subclass ("New York Plaintiffs") and Plaintiffs Ricardo Vidaud, Moises Madriz, Rodney Ulloa, and Jorge Mendoza are the proposed representatives for the California Subclass ("California Plaintiffs").

b.    The commonality requirements of Rule 23(a)(2) have been met because Plaintiffs and the National Class Members, New York Plaintiffs and the New York Subclass Members, and California Plaintiffs and the California Subclass Members, all share common issues of fact and law, including whether Defendants' alleged failure to accurately and timely pay each of them violated state law requirements for the timely payment of wages and for providing accurate wage statements and whether they are entitled to additional liquidated damages or penalties.

c.    The typicality requirements of Rule 23(a)(3) have been met because Plaintiffs' claims, the New York Plaintiffs' claims, and California Plaintiffs' claims for overtime pay arise from the same factual and legal circumstances that form the bases of National Class Members', New York Subclass Members' and California Subclass Members' claims, respectively.

d.    The adequacy requirements of Rule 23(a)(4) have been met because Plaintiffs', the New York Plaintiffs', and the California Plaintiffs' interests are not antagonistic or at odds with, respectively, the National Class Members' interests, the New York Subclass

Members' interests, and the California Subclass Members' interests. Additionally, Plaintiffs' Counsel also meet the adequacy requirement of Rule 23(a)(4) because the attorneys here, Seth Lesser of Klafter Lesser, LLP, Ryan Winters of Scott & Winters Law Firm, LLC, Matthew Parmet of Parmet PC, and Andrew Frisch of Morgan & Morgan, P.A., have acted as Lead Counsel in dozens of class actions, and because Plaintiffs' Counsel have achieved a commendable result, given the complexities of this Litigation.

        e.     The predominance and superiority requirements of Rule 23(b)(3) are also met because the common issues identified in subsection (b) above will predominate over any individual issues in this Litigation and adjudicating all claims arising from the Kronos Outage in one class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

        5.     Accordingly, the Court hereby preliminarily certifies the National Class, the New York Subclass and the California Subclass, as each is defined above, pursuant to Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes only in accordance with the terms of the Settlement Agreement. The Court further preliminarily appoints Plaintiffs as Class Representatives of the National Class, the New York Plaintiffs as Class Representatives of the New York Subclass, and the California Plaintiffs as Class Representatives of the California Subclass, and Seth Lesser of Klafter Lesser, LLP, Ryan Winters of Scott & Winters Law Firm, LLC, Matthew Parmet of Parmet PC, and Andrew Frisch of Morgan & Morgan, P.A., as Class Counsel pursuant to Fed. R. Civ. P. 23(g). Plaintiffs, the New York Plaintiffs, and the California Plaintiffs, together with Class Counsel, are hereby authorized to act on behalf of themselves and members of the National Class, the New York Subclass or California Subclass, respectively, with respect to the Litigation and the Settlement Agreement.

6.     The Court also preliminarily finds that Plaintiffs are "similarly situated" to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b). Accordingly, the Court hereby conditionally certifies the FLSA Collective defined above, for settlement purposes only, in accordance with the terms of the Settlement Agreement.

7.     If the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement or this Court does not grant Final Approval of the Settlement Agreement, or the settlement is not consummated for any reason whatsoever, this certification of the National Class, the New York Subclass, the California Subclass, and the FLSA Collective shall automatically be cancelled and shall be void and, in such event, this Court's certification of this National Class and the New York and California Subclasses and the FLSA Collective shall not, in any way, have any effect on Defendants' rights to challenge the propriety of any class or collective action certification for any purpose. Additionally, Plaintiffs, pursuant to the terms of the Settlement Agreement, reserve all of their rights, including the right to continue with the litigation of the claims asserted in this Litigation should the Settlement Agreement not be consummated.

### _Notice to National Class, California and New York Subclasses and FLSA Collective_

8.     The Court authorizes notice of the settlement set forth in the Settlement Agreement to the members of the National Class, the New York Subclass, the California Subclass, and the FLSA Collective, as the proposed settlement falls within the range of reasonableness, and may be adjudicated fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23 and the Class Action Fairness Act of 2005 ("CAFA"), and the applicable

standards for approval of an FLSA Collective settlement, upon final consideration thereof at the Final Approval Hearing provided for below.

9.    The content of the proposed Settlement Notice to the members of the National Class, the New York Subclass, the California Subclass, and the FLSA Collective, attached as Attachment B hereto, is hereby approved. The Settlement Notice is accurate, objective, informative and will provide the members of the National Class, the New York Subclass, the California Subclass, and the FLSA Collective members with the information necessary to make an informed decision regarding their participation in, exclusion from, or objection to the Settlement Agreement and its fairness.

10.    The method of disseminating the Settlement Notice to be sent to the members of the National Class, the New York Subclass, the California Subclass and the FLSA Collective, as set forth in the Settlement Agreement, is hereby found to be the best practicable means of providing notice of the settlement under the circumstances and, when sent, shall constitute due and sufficient notice of the proposed Settlement and the Final Approval Hearing to all members of the National Class, the New York Subclass, the California Subclass, and the FLSA Collective entitled to participate in the settlement, in full compliance with the notice requirements of Fed R. Civ. P. 23, due process, the Constitution of the United States, the laws of the New York and all other applicable laws. The Parties are directed to ensure that the Settlement Notice, in substantially the same form as is attached as Attachment B hereto, is disseminated to members of the National Class, the New York Subclass, the California Subclass and the FLSA Collective according to Section 12 of the Settlement Agreement. Such Settlement Notice shall issue on or before the date that is twenty-one (21) days from the entry of this Preliminary Approval Order.

***Appointment of Settlement Administrator***

11.    The Court approves and appoints Angeion Group (the Settlement Administrator")
to serve as the Settlement Administrator in accordance with the terms of the Settlement
Agreement and this Order. By agreeing to serve as the Settlement Administrator, Angeion Group
voluntarily agrees to subject itself to the jurisdiction of this Court and waives any jurisdictional
objections.

12.    The Settlement Administrator shall perform the duties of the Settlement
Administrator set forth in the Settlement Agreement, including but not limited to the distribution
of the Settlement Notice to members of the National Class, the New York Subclass, the
California Subclass, and the FLSA Collective and all other duties enumerated in Section 10 of
the Settlement Agreement.

13.    Prior to the Final Approval Hearing, the Settlement Administrator shall provide to
the Parties a sworn statement attesting to compliance with the terms of the Settlement
Agreement, and the Parties shall file that statement with the Court.

***Requests for Exclusion from the National Class***

14.    Members of the National Class may request exclusion from the National Class
(and thereby concomitantly from the New York and California Subclasses, if applicable) by
sending a written request for exclusion to the Settlement Administrator, at the address indicated
in the Settlement Notice, via First-Class United States mail, postage prepaid, so that it is
postmarked by forty-five (45) calendar days after the date on which the Settlement Administrator

mails the Settlement Notice to the members of the National Class, in accordance with the terms of the Settlement Agreement. In order to be effective, this request for exclusion must expressly state the individual's desire to be excluded from the Settlement and shall be in writing and state the full name of the individual seeking to be excluded and include his or her current address, work location, and signature. Any request for exclusion from the National Class shall be deemed to also request exclusion from any applicable State Subclass. Requests for exclusion that do not include all required information, or that are not timely received by the Settlement Administrator, will be deemed null, void, and ineffective.

15.    By opting out, any member of the National Class who previously filed a consent form to join the FLSA Collective shall be deemed to have withdrawn that consent and will no longer be a member of the FLSA Collective for any purpose, including this Settlement Agreement.

16.    Members of the National Class may not exclude themselves by filing requests for exclusion as a group or class. They must individually and personally submit a request for exclusion and timely transmit it to the Settlement Administrator in accordance with the terms of the Settlement Agreement.

17.    Any member of the National Class who does not properly and timely opt-out shall be bound by all the terms and provisions of the Settlement Agreement, the Final Approval Order, and the releases set forth therein, and will be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the Settlement Agreement, whether or not such person objected to the Settlement.

18.    All members of the National Class who submit valid and timely notices of their intent to be excluded from the National Class, including but not limited to those who are also

members of the FLSA Collective, shall not: (i) have any rights under the Settlement Agreement; (ii) be entitled to receive a settlement payment; (iii) have a right to object to the Settlement; and (iv) be bound by the Settlement Agreement or any Final Approval Order.

19.     Any member of the National Class who does not elect to be excluded from the National Class may, but need not, enter an appearance through his or her own attorney. Members of the National Class who do not enter an appearance through their own attorneys will be represented by Class Counsel.


*__Objections by Members of the National Class to the Settlement__*


20.     Any member of the National Class who does not opt-out from the National Class may object to the Settlement or any portion thereof, or any other matters to be considered by the Court during the Final Approval Hearing (as indicated in paragraph 23, below) by sending a written objection to the counsel for the Parties and to the Court, as indicated in the Settlement Notice, via First-Class United States mail, postage prepaid, so that it is received or postmarked by forty-five (45) calendar days after the date on which the Settlement Administrator mails the Settlement Notice to the members of the National Class, in accordance with the terms of the Settlement Agreement. In order to be effective, this writing must express the individual's desire to object to the Settlement and must be signed by the National Class Member and include his/her/their name, current mailing and email addresses, and phone numbers, and state all grounds for the objection. If the objector is represented by counsel, the written objection must state so and provide the name and address of the counsel. If the objector intends to appear at the

Final Approval hearing by himself/herself/theirself or by counsel, the written objection must also so state whether the objector or his/her/their attorney is making an appearance.

21.    No member of the National Class shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to any matters to be considered by the Court at the Final Approval Hearing (as specified in paragraphs 23-24 below), and no written objections or materials submitted by any member of the National Class shall be received or considered by the Court at the Final Approval Hearing, unless such written objections or materials comply with the requirements of this Order, are timely filed and served as set forth herein and as detailed in the form of Settlement Notice. Any member of the National Class who seeks to object but fails to comply with the requirements of this Order will be deemed to have waived any right to object.

### ***The Final Approval Hearing***

22.    A hearing on Final Approval of the Settlement (the "Final Approval Hearing") is hereby scheduled to be held before this Court on the **4th day of April 2023 at 2:00 pm to be held via AT&T Teleconference.  To access the teleconference, please follow these directions: (1) Dial the Meeting Number: (877) 336-1839; (2) Enter the Access Code: 1231334 #; and (3) Press pound (#) to enter the teleconference as a guest**.  At this Fairness Hearing, the Court will determine whether: (a) the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the members of the National Class and Subclasses and the FLSA Collective; and (b) a Final Judgment as provided in the Settlement Agreement should be entered granting final approval of the Settlement. The date and

time of the Final Approval Hearing shall be set forth in the Settlement Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the National Class other than those who are Objectors.

23.     At the Final Approval Hearing, the Court shall also consider Class Counsel's application for attorneys' fees, costs and expenses and their application for Service Payments to the Class and Subclass Representatives (the "Applications"). Any Application shall be filed with the Court concurrently with the Motion for Final Approval of the Settlement Agreement, which shall be filed fourteen (14) days prior to the Final Approval Hearing.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 56.

SO ORDERED:

Dated:          December 2, 2022
                White Plains, New York

_____
          NELSON S. ROMÁN
        United States District Judge

## ATTACHMENT A

**PepsiCo, Inc. and subsidiaries ("PepsiCo"):**
Bottling Group, LLC
CB Manufacturing Company, Inc.
FL Transportation, Inc.
Frito-Lay, Inc.
Golden Grain Company
Grayhawk Leasing, LLC
New Bern Transport Corporation
Pepsi Northwest Beverages LLC
Pepsi-Cola Sales & Distribution, Inc.
Pepsi-Cola Technical Operations, Inc.
PepsiCo Beverage Sales LLC
PepsiCo Sales, Inc.
PepsiCo, Inc.
Quaker Manufacturing, LLC
Rolling Frito-Lay Sales, LP
SVC Manufacturing

**New Tiger LLC and subsidiaries ("New Tiger")**
New Tiger LLC
Juice Transport, Inc.
Tropicana Manufacturing Company, Inc.
Tropicana Products, Inc.
Tropicana Services, Inc.
Naked Juice Co. of Glendora, Inc.

# **ATTACHMENT B**

(see next page)

## NOTICE OF SETTLEMENT CONCERNING PEPSICO AND TROPICANA EMPLOYEE CLAIMS ARISING FROM THE KRONOS OUTAGE

*A Court has authorized this Notice. This is not a solicitation from a lawyer*

### SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS CLASS AND COLLECTIVE ACTION SETTLEMENT

The purpose of this Notice is to advise you of a settlement that has been reached in a class and collective action on behalf of all persons who were employed in the United States by PepsiCo, Inc. ("PepsiCo"), New Tiger LLC ("New Tiger"), and their various respective divisions and subsidiaries (collectively, "PepsiCo Companies"), pertaining to their inability to timely or accurately pay these employees for all hours worked during the seventeen pay periods between December 5, 2021 and April 8, 2022 due to their payroll provider, the Ultimate Kronos Group ("Kronos") experiencing a cybersecurity incident that began on December 11, 2021 through February 12, 2022 (the "Kronos Outage"). The case is entitled *Stevens et al. v. PepsiCo. Inc. et al.*, Case No. 7-22-cv-00802-NSR.and is pending in the United States District Court for the Southern District of New York, White Plains Division (the "Court"), along with numerous other cases which were originally filed in other federal courts and have been consolidated with the *Stevens* case.

**Whether you act or not, your legal rights are affected by this proposed settlement. Your rights and options – and the deadlines to exercise them – are explained in this Notice. Please read this Notice carefully in its entirety.**

## Summary of Your Legal Rights and Options in this Settlement

| | |
|---|---|
| **Do Nothing** | You will be paid your share of the settlement which will be calculated as described in Section 4 of this Notice |
| **Exclude Yourself** | Get no payment. This is the only option that allows you to pursue your own claims or be part of any other lawsuit against the Defendants that asserts any claims relating to or arising out of the Kronos Outage. See Section 6 of this Notice. |
| **Object** | So long as you have not excluded yourself, write to the Court about why you don't like the settlement and do not want it approved. To do so, you must act by [45 days after mailing], 2022. See Section 12 of this Notice. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the settlement, or any part of it, that will be held on _____, 2022. See Sections 14 – 16 of this Notice. |

## BASIC INFORMATION

### 1.    Why did I get this Notice?

The PepsiCo Companies' records reflect that you were an employee of PepsiCo or New Tiger, or one of their various divisions or subsidiaries and were not timely or accurately  paid for all hours worked during the seventeen pay periods between December 5, 2021 and April 8, 2022 due to the Kronos Outage.

The Court approved this Notice because you have a right to know about a proposed settlement of this lawsuit, which the Court has preliminarily approved, and about all of your options, before the Court decides whether to grant final approval of the settlement. If the Court approves and issues a final order approving the settlement and after appeals, if any, are resolved, the Settlement Administrator will make the payments to you that the settlement allows.

### 2.    What is The Lawsuit About?

This lawsuit is about the alleged failure of PepsiCo, New Tiger, and their various respective divisions and subsidiaries to timely or accurately  pay their non-exempt employees in the United States for all hours worked during the pay periods between December 5, 2021 and April 8, 2022, due to the Kronos Outage under the federal Fair Labor Standards Act ("FLSA") and applicable wage and hour-related state laws. The lawsuit also concerns claims for pertinent statutory penalties arising under various state laws during that same time period.

The persons suing in this lawsuit—Emanuele Stevens, Moises Madriz, Rodney Ulloa, Ricardo Vidaud, Jorge Mendoza, Seth Marshall, Matthew White, Tyrell King, Kennetha Mitchell, Donedward White, Jamal Winger, Allison Poulson, Rodney Irving-Millentree, Tracy Ellis, Thomas Parrish, Devin Drobsch, Joshua Smith, and Jacob Tschudy—who are all non-exempt employees of PepsiCo, New Tiger or one of their respective divisions or subsidiaries, are called the Named Plaintiffs and the companies being sued—PepsiCo, New Tiger and all their respective divisions and subsidiaries listed in Exhibit A to this Notice—are called the Defendants.  The Named Plaintiffs have been appointed by the Court as "Class Representatives."

Plaintiffs brought this lawsuit to ensure that all Defendants' non-exempt employees in the United States who were impacted by the Kronos Outage were paid all wages owed and to also recover additional damages which each such employee may be entitled to under federal and state wage and hour laws.

Plaintiffs have brought this lawsuit on behalf of a collective to recover damages available under the federal labor laws (the "FLSA Collective") and on behalf of a class to recover damages and/or penalties available under state labor laws (the "National Class"), consisting of all current and former employees of any Defendant in the United States during the seventeen weekly pay periods between December 5, 2021 and April 8, 2022,  who were impacted by the Kronos Outage (together, the "FLSA Collective/National Class").  For purposes of the Settlement, an employee has been impacted by the Kronos Outage if that employee received an inaccurate pay stub or inaccurate compensation at any time during the Class Period, regardless of whether that employee's compensation paid during the the the

Kronos Outage as compared to compensation owed for the Kronos Outage timeperiod resulted in a net positive (overpayment), net neutral, or net negative (underpayment) to that employee.

Plaintiffs have also brought this lawsuit on behalf of a subclass consisting of those members of the National Class who worked for a Defendant in New York and a subclass consisting of those members of the National Class who worked for a Defendant in California to recover pertinent statutory penalties permissible under those state laws (together, the "State Law Subclasses").

Defendants deny the Named Plaintiffs' claims in this case, including Named Plaintiffs' contention that (i) Defendants knowingly, willfully, or recklessly disregarded any of their wage payment obligations; and (ii) Defendants failed to appropriately compensate the collective/class members. Defendants alsodeny the claims of violation of other pertinent state laws of the FLSA Collective/National Class and State Law Subclasses.

### 3.    Why is this a class and collective action?

In a class action, one or more people called Class Representatives sue on behalf of all people who have similar claims. All these people are "Class Members," and grouped together are a "Class." A court has to determine if the case is appropriate for class treatment, and if the Court does, that one case will resolve the common issues for all Class Members, except for those who exclude themselves from the Class. The Defendants have agreed that this case should proceed as a class action for settlement purposes only.

Similarly, in a collective action, plaintiffs sue on behalf of employees of a company who are "similarly situated." The difference from a class action is that in order to be part of any collective determined by a court to be appropriate, each similarly situated employee must affirmatively join the action by opting in, and is not a member of the collective until they do so. A collective action is the only way for a group of similarly situated employees to pursue claims under the federal labor laws.

The Court has preliminarily certified the National Class and State Law Subclasses and conditionally certified the FLSA Collective.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 4.    What does the Settlement provide for me?

On May 6, 2022, in order to provide recompense most expeditiously to the members of the National Class, Defendants made payments of approximately $23.9 million representing, pursuant to analysis undertaken by Defendants in conjunction with third-party consultant Ernst & Young and which has been shared with Plaintiffs' Counsel, the net unpaid compensation Defendants believe was owed to the members of the FLSA Collective/National Class (the "May 6 Payment").

With respect to the May 6 Payment, the Settlement provides that every member of the FLSA Collective/National Class will have an opportunity to dispute the accuracy of the amount of their individual May 6 Payment. Specifically, individual National Class members will have up to 90 days from the Court's preliminary approval of the Settlement to present any challenge. Named Plaintiffs' counsel (listed in Section 9 below) are available to aid you should you have questions or concerns

about the amount of your payment, or, specifically, wish to challenge it. Should a Defendant and any FLSA Collective/National Class member fail to agree upon an amount of their net underpayment through the internal reconciliation process, the Parties have agreed to have such disputes with respect to their May 6 Payment be resolved by a neutral acceptable to both the National Class member and the applicable Defendant.

If the Settlement is given final approval by the Court ("Final Approval") and any appeals of such a determination are resolved in favor of the settlement Final Approval, in addition to the May 6 Payment, you will also receive a share of settlement amount of $12,750,000.00 (the "Settlement Payment"), which Defendants have agreed to pay to settle this lawsuit.

Defendants have also agreed to pay all costs of Settlement Administration.

Calculation of Individual Settlement Payments

The settlement provides that the Net Settlement Fund (as defined in Section 11 below) will be allocated among the following groups:

1. FLSA Collective/National Class Members who were net underpaid by at least $1 (65.3% of the Net Settlement Fund);

2. FLSA Collective/National Class Members who were net overpaid or net neutral (the phrase "net neutral includes those individuals who were net underpaid between $.01 and $.99) (9 % of the Net Settlement Fund);

3. California State Law Subclass Members (18.7 % of the Net Settlement Fund);

4. New York State Law Subclass Members (7 % of the Net Settlement Fund).

GROUP 1 - Each individual FLSA Collective/National Class member in group (1) will receive payment representing their pro-rata share of the amount allocated to group (1), which share shall be determined by dividing the amount of their net underpayment by $23,896,550.00, which is the amount of all net underpayments.

GROUP 2 - Each individual FLSA Collective/National Class member in group (2) will receive payment of $25.00. Members in group (2) did not incur any net underpayment of wages but did suffer the inconvenience of inaccurate wage statements.

GROUP 3 - Each individual State Law Subclass member in group (3) will receive payment as a member of FLSA Collective/National Class group (1) or group (2) as applicable, in addition to their applicable share of the amount allocated to group (3). The applicable share of the individual State Law Subclass members in group (3) shall be determined as follows: (i) group (3) members who were underpaid at least once during the Kronos Outage will receive a pro-rata share determined by dividing the number of underpaid pay periods experienced by the employee by the number of unpaid pay periods by all members of group (3) who were underpaid at least once during the Kronos Outage; (ii) for all reminining members of group (3), as they did not suffer any underpayment of wages but did suffer the inconvenience of inaccurate wage statements, they will receive payment of $25.00.

GROUP 4 - Each individual State Law Subclass member in group (4) will receive payment as a member of FLSA Collective/National Class group (1) or group (2), as applicable, in addition to their applicable share of the amount allocated to group (4). The applicable share of the individual State Law Subclass members in group (4) shall be determined as follows: (i) group (4) members who were underpaid at least once during the Kronos Outage will receive a pro-rata share determined by dividing the number of underpaid pay periods experienced by the employee by the number of unpaid pay periods by all members of group (4) who were underpaid at least once during the Kronos Outage; (ii) for all remainining members of group (4), as they did not suffer any underpayment of wages but did suffer the inconvenience of inaccurate wage statements, they will receive payment of $25.00.

### 5.   What am I giving up to get a payment or stay in the Class?

You will be releasing certain claims.

a.      Upon the Final Approval of the Settlement, all FLSA Collective/National Class Members and State Law Subclass Members who cash the checks sent to them by the Settlement Administrator shall be deemed to be members of the Collective and will fully, forever, irrevocably and unconditionally release, remise, and discharge Defendants from any and all claims under the Federal Labor Standards Act, 29 U.S.C. §§ 201, *et seq.,* relating to or arising out the Kronos Outage, including, without limitations, all FLSA claims for unpaid wages (whether minimum wages, hourly wages, or overtime wages), failure to timely pay wages, failure to record hours worked, paystub requirements, reimbursement, and all related claims for statutory damages or penalties, interest, liquidated damages, attorneys' fees, costs, expenses, and all other such amounts.

b.      Upon Final Approval of the Settlement, all National Class Members, including those State Law Subclass Members who are or were employed in New York and California, who do not submit a timely and valid request for exclusion from this lawsuit shall be deemed to fully, forever, irrevocably and unconditionally release, remise, and discharge Defendants from any and all claims under state laws relating to or arising out the Kronos Outage, including, without limitations, all state and local claims for unpaid wages (whether minimum wages, hourly wages, or overtime), failure to timely pay wages, failure to record hours worked, paystub requirements, reimbursement, and all related claims for statutory damages or penalties, interest, liquidated damages, attorneys' fees, costs, expenses, and all other such amounts.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment or other benefits from this settlement and you want to keep the right to sue or continue to sue any Defendant on your own about any of the subjects or issues listed in the paragraph above, then you must take steps to exclude yourself – sometimes referred to as "opting out" of the class.

### 6.   How do I opt-out of the class?

To exclude yourself from the National Class and/or the State Law Subclasses, you must send a letter to the Settlement Administrator listed below, by mail (first-class postage pre-paid) saying that you want to be excluded from the National Class and/or the State Law Subclasses in *Stevens et al. v. PepsiCo. Inc. et al.,* Case No. 7-22-cv-00802, Case No. 7:22-CV-00802-NSR.  Be sure to include your

name, address, and signature. You must mail your exclusion request so that it is postmarked no later than [45 days after mailing notice]_____, 2022 to:

**Settlement Administrator**

_____

_____

#### 7. If I don't exclude myself, can I sue any Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue any Defendant for the released claims described in Section 5.b. If you cash your check, you give up any right to sue any Defendant for the released claims described in 5.a above. If you have a pending lawsuit concerning the Kronos Outage, speak to your lawyer in that case immediately. You must exclude yourself from the National Class—or the State Law Subclasses if you worked in New York or California during the Kronos outage time period—to continue your own lawsuit.

#### 8. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, you will not receive any money from this settlement or any other benefits that this settlement provides.

### THE LAWYERS REPRESENTING YOU

#### 9. Do I have a lawyer in this case?

The Court has appointed the law firms of Klafter Lesser LLP, Scott & Winters Law Firm, LLC, Parmet PC, and Morgan & Morgan, P.A. to represent you and other FLSA Collective/National Class Members and State Law Subclass Members. These lawyers have been appointed by the Court as "Class Counsel." You will not be charged individually for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

#### 10. How will the lawyers be paid?

As provided by the Settlement, Class Counsel will ask the Court to approve a payment out of the Settlement Payment for their attorneys' fees and litigation expenses in an amount not to exceed twenty percent of the Settlement Payment plus the May 6 Payment. The attorneys' fees would pay Class Counsel for investigating the facts, filing actions in multiple states, litigating the case, negotiating the settlement, filing legal papers with the Court, and overseeing future implementation of the settlement, including fielding inquiries from FLSA Collective/National Class Members and State Law Subclass Members. Class Counsel has not been paid for their time or their litigation expenses since this case

was originally filed and would not have received any attorneys' fees or expenses had this lawsuit not been favorably resolved.

## 11.  What other payments will be made from the Settlement Payment?

As is also provided by the Settlement, Class Counsel may also petition the Court for an award of service payments to the Class Representatives in an amount not to exceed $5,000 each for their service in stepping forward to commence the lawsuits that are subject to this Settlement against their employers (the "Service Payments").

The Settlement also allocates, as required by California law, an amount to be paid from the California State Law Subclass funds for civil penalties, 75% of which must be paid to the California Labor and Workforce Development Agency ("LWDA") pursuant to the California Private Attorney General Act. The parties have agreed that thirty thousand dollars ($30,000.00) will be allocated to such California civil penalties.  Accordingly, if the Settlement is approved and becomes final, 75% of this amount ($22,500) will be paid out of the California Subclass allocation to the LWDA, and 25% of said amount ($7,500) shall remain for distribution to the California State Law Subclass.

The Settlement Payment, less any amounts awarded by the Court for Class Counsel's attorneys' fees and costs and for Service Payments to the Named Plaintiffs, and less the payment to the LWDA shall be the "Net Settlement Fund."

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the Settlement or some part of it.

## 12.  How do I tell the Court that I don't like the Settlement?

If you are a National Class Member or a State Law Subclass Member and are not seeking to opt-out, you can object to the Settlement, or any part of it, including Class Counsel's applications for attorneys' fees and expenses or the Service Payments (the "Applications"). You should state why you think the Court should not approve the settlement, the Applications, or any part of them.  The Court will consider your views.  To object, you must send your objection or a letter saying you object to the settlement as directed herein. You must include your name, address, email address (if available), telephone number, signature, and the reasons you object to the settlement and/or any Application and state that your objection relates to *Stevens et al. v. PepsiCo. Inc. et al.*, Case No. 7-22-cv-00802, Case No. 7:22-CV-00802-NSR. You must mail your objection to the following counsel so that it is postmarked no later than [45 days after mailing notice], 2022, and file it electronically or mail it to the Court so that it is postmarked no later than [45 days after mailing notice], 2022, at the following addresses:

| On Behalf of the Class Representatives: | On Behalf of Defendants: | The Court: |
|---|---|---|
| Seth R. Lesser, Esq<br>Klafter Lesser LLP<br>2 International Drive, Suite 350<br>Rye Brook, New York 10573 | Alison R. Ashmore<br>Dykema Gossett LLP<br>1717 Main Street, Suite 4200<br>Dallas, TX 75228 | The Hon. Nelson S. Román<br>Federal Courthouse<br>Clerk of the Court<br>300 Quarropas Street<br>White Plains, NY 10601-4150 |

## 13. What's the difference between objecting and excluding?

Objecting is telling the Court that you don't like something about the Settlement or Applications, and that you, for that reason, want the Settlement or Applications or some part of them not to be approved or to be modified in some way. You can object only if you stay in the class. Excluding yourself means you don't want to be part of the class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement and Class Counsels' application for attorneys' fees, expenses and the Service Payments. You may attend and you may ask to speak, but you don't have to do so.

## 14. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing on _____, 2022 at _____ ___.M. in Courtroom _____ at The Hon. Nelson S. Román , Federal Courthouse, 300 Quarropas Street White Plains, NY 10601-4150. At this Fairness Hearing, the Court will consider whether the Settlement is fair and meets the tests for class action and collective action settlements. The Court will also consider whether the Applications should be approved. If there are objections to any of these matters, the Court will consider them. The Court also will listen to people who have asked to speak at the hearing. At, or following the hearing, the Court will decide whether to approve the settlement and the Applications. We do not know how long these decisions will take. If the Court approves the settlement and the Applications, there may be appeals. It is always uncertain whether there will be an appeal and, if so, when it will be resolved. Please be patient.

The Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the National Class or members of the State Law Subclasses other than those who are Objectors. If it is adjourned, the new date and time will be posted on _____[website].

## 15. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you file an objection, you don't have to come to Court to talk about it, but you may. As long as you properly mailed (or electronically filed) your written objection on time, the Court will consider it. You may also pay your own lawyer to attend if you wish.

**16. May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter stating that it is your "Notice of Intention to Appear in *Stevens et al. v. PepsiCo. Inc. et al.*, Case No. 7-22-cv-00802, Case No. 7:22-CV-00802-NSR." Your Notice of Intention to Appear must be filed or mailed so it is postmarked no later than _____, 2022 and be sent to the Clerk's Office and the Counsel at the addresses in Section 12 above. You cannot speak at the hearing if you exclude yourself from the class.

## IF YOU DO NOTHING

**17. What happens if I do nothing at all?**

If you do nothing, you will be a part of this settlement (if the Court approves it) and will receive a settlement payment (provided you update your address, if necessary); your claims arising due to the Kronos Outage will be released as stated in Section 5 above; and Class Counsel's assistance in any dispute with any Defendant concerning the accuracy of the May 6 Payment.

## GETTING MORE INFORMATION

**18. Are there more details about the settlement?**

This Notice summarizes the proposed Settlement. The pleadings and other records in this lawsuit, including a copy of the Settlement Agreement, are available for review at the following website: _____. They may also be examined during regular office hours at the Office of the Clerk at The Hon. Nelson S. Román's Federal Courthouse, 300 Quarropas Street White Plains, NY 10601.

You may also contact the Settlement Administrator as follows:

**PepsiCo Kronos Class/Collective Action Settlement**

**c/o _____Administrator**

_____

_____

Phone ( )_____

Please **do not** contact the Court.